UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Patricia Rich, *on behalf of herself and all others similarly situated*, | |
| Plaintiff, | Civil Action No.: |
| v. | **JURY TRIAL DEMANDED** |
| Nationwide Credit and Collections, Inc. , | |
| Defendant. | |

## CLASS ACTION COMPLAINT

For her Class Action Complaint, Plaintiff, Patricia Rich, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### JURISDICTION

1.  Plaintiff, Patricia Rich ("Plaintiff") files this Class Action Complaint ("Complaint") seeking redress for the unlawful consumer debt collection practices engaged in by Defendant, Nationwide Credit and Collections, Inc. ("Nationwide"). Defendant conducts its debt collection business in flagrant violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by systematically communicating with third-parties in connection with the collection of consumer debts, and disclosing highly personal information in the process, in violation of 15 U.S.C. § 1692c(b).

2.  This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against Defendant arose under the FDCPA.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is an adult individual residing in New York, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) in that the alleged debt that Defendant sought to collect from her was originally incurred, if at all, for personal, family or household purposes and are therefore consumer debts within the meaning of 15 U.S.C. § 1692a(5).

5. Defendant Nationwide is a business entity organized under the laws of Illinois with a principle place of business at 815 Commerce Drive, Suite 270, Oak Brook, IL 60523

6. Nationwide is authorized to conduct business and maintains a registered agent in the State of New York.

7. Nationwide is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed, as one of its principal areas of business. As such, Nationwide is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

**A.   The Account**

8. Prior to July 6, 2017, Northwell-GoHealth Urgent Care (hereinafter the "Original Creditor") performed personal medical services for the Plaintiff.

9. The medical services were for personal, family and/or household purposes, and therefore meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. Thereafter, the account was sold or transferred to Nationwide for purposes of collection. Nationwide engaged in collection activity on the account including sending written correspondence to the Plaintiff.

**B.    Nationwide's Communications with Third Parties**

11.    Upon information and belief, on or about June 12, 2017 Nationwide mass-mailed hundreds or thousands of letters (the "Letters") to individuals across the country in an attempt to collect debts allegedly owed to the Original Creditor.

12.    Each of the Letters contained highly personal and sensitive information concerning other, unrelated consumers, including those unrelated consumers' contact information, past medical services and the balance of their alleged debts.

13.    Upon information and belief, Nationwide sent a letter to another individual containing Plaintiff's name, the date(s) of her past medical services, and the balance of her alleged debts.

14.    Nationwide has acknowledged that it disclosed consumers' personal information to other individuals, and warned Plaintiff that it disclosed her personal information to a third party.

15.    Specifically, on or about July 6, 2017, Defendant sent Plaintiff a letter in which it identified itself as a "national debt-collections company which operates as a contractor for Northwell-GoHealth Urgent Care" and alerted Plaintiff that due to an alleged "internal data processing error at Nationwide Credit & Collection, Inc. [that] caused names to be associated with the wrong addresses," on or about June 12, 2017 it sent out letters "that contained information about another individual."

16.    Defendant notified Plaintiff that "someone may have received [a] . . . letter but with [Plaintiff's] name, date of service, account number used for internal purposes only, provider name and balance."

17.    A copy of the Defendant's July 6, 2017 letter to Plaintiff is annexed hereto and made a part of this Complaint as <u>Exhibit A</u>.

## CLASS ACTION ALLEGATIONS

### The Class

18. Plaintiffs bring this case as a class action pursuant to Rules 23 of the Federal Rules of Civil Procedure on behalf of themselves and all others similarly situated.

19. Plaintiffs seeks to represent a class defined as:

> **All natural persons whose name and date of service, account number, service provider or debt balance was written on a letter that Nationwide mailed to any other natural person, in connection with Nationwide's attempt to collect a consumer debt, and where the letter was mailed during the period beginning September 25, 2016 and ending September 25, 2017.**

Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### C.  Numerosity

20. The Letters are mass-mailed form letters. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

21. Upon information and belief, Defendant sent or caused to be sent thousands of similar deceptive Letters to consumers.

22. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

23. Plaintiff reasonably believes that there are thousands of consumers who are members of the class.

**D.      Common Questions of Law and Fact**

24.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

25.     The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of letters containing other individual's personal and debt information constitutes conduct which violates Section 1692c(b) of the FDCPA.

26.     The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

> a. Did Defendant violate 15 U.S.C. §1692c(b) by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector?

**E.      Typicality**

27.     Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a substantially similar letter sent by Defendant.

**F.      Protecting the Interests of the Class Members**

28.     Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

29.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

30.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

**G.     Proceeding Via Class Action is Superior and Advisable**

31.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

32.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

33.     The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

34.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

35.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

36.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**
**Violations of FDCPA, 15 U.S.C. §1692c(b) by**
**Communicating with Third Parties**

37.     Each and every allegation contained in paragraphs 1 through 34 of this Complaint is repeated, realleged and incorporated herein by reference.

38.     FDCPA, 15 U.S.C. § 1692c(b), provides in relevant part:

   (b) Communication with third parties

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

39. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

40. Defendant's debt collection letters to Plaintiff and other individuals, each of which contained personal information regarding an individual who was not the recipient of said letter, were each communications in connection with the collection of a debt, with persons other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

41. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in their favor and in favor of the members of the class and against Defendant, as follows:

A) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

B) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(k)(3);

C) Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 5, 2017

          Respectfully submitted,
          By /s/ Sergei Lemberg
          Sergei Lemberg
          43 Danbury Road
          Wilton, CT 06897
          Tel: (203) 653-2250
          Fax: (203) 653-3424
          Email: slemberg@lemberglaw.com